UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CRAIG C. CUMMINGS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 1:11-cv-858-TWP-TAB ) |
| MICHAEL J. ASTRUE, Commissioner of the Social Security Administration, | ) ) ) ) |
| Defendant. | ) |

**ENTRY GRANTING APPLICATION FOR**
**ATTORNEY FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT**

**I. BACKGROUND**

This matter is before the Court on the motion by Plaintiff, Craig C. Cummings ("Mr. Cummings") for an award of attorney fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA"). Mr. Cummings applied for Disability Insurance Benefits ("DIB") and his application was denied in part initially, on reconsideration, and by an Administrative Law Judge ("ALJ"). The Appeals Council denied review and on judicial review, Mr. Cummings prevailed. On June 26, 2012, this Court terminated the civil action pursuant to sentence four of 42 U.S.C. § 405(g), reversing with remand for a rehearing of Mr. Cummings' claim by the Commissioner. Mr. Cummings' counsel seeks an award of $2,943.00 in attorney fees. For the reasons discussed below, Mr. Cummings' Petition for Attorney Fees Under the Equal Access to Justice Act (Dkt. #21) is **GRANTED**.

**II. DISCUSSION**

The EAJA provides that a successful litigant against the federal government is entitled to recover attorneys' fees if: (1) the plaintiff was a "prevailing party"; (2) the government's position

was not "substantially justified"; (3) there existed no special circumstances that would make an award unjust; and (4) the litigant filed a timely application with the district court.  28 U.S.C. § 2412(d)(1)(A), (B); *Cunningham v. Barnhart*, 440 F.3d 862, 863 (7th Cir. 2006).  The plaintiff here is the prevailing party, no "special circumstances" are alleged, and the fee application was timely.  The Commissioner opposes the requested fee of $2,943.00 and asks the Court to reduce the award on the basis that the hourly rate sought is unreasonable.

EAJA "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee."  28 U.S.C. § 2412(d)(2)(A)(ii).  "The $125 rate is a presumptive ceiling; to justify a higher rate the plaintiff must point to inflation or some other special factor."  *Mathews-Sheets v. Astrue*, 653 F.3d 560, 563 (7th Cir. 2011).

The courts in this district have articulated several examples of factors that may be shown in order to demonstrate specifically how inflation has increased an attorney's costs in providing legal services.  Counsel may produce evidence of increased costs of overhead, including rent, supplies, continuing legal education, online legal research or legal staff's salaries, and how the lawyer's fees for non-contingency cases have increased since 1996, as well as affidavits from attorneys who charge above the $125.00 statutory rate in non-contingency social security cases.  *See e.g.*, *Baldwin v. Astrue*, No. 1:11-cv-00444-RLY-DKL, Dkt. 30 (S.D. Ind. May 3, 2012) (citing *Scott v. Astrue*, No. 08-C-5882, 2012 WL 527523 (N.D. Ill. Feb 16, 2012)); *but cf. Mathews-Sheets v. Astrue*, No. 1:08-cv-1426-WTL-DML, 2012 WL 566108, at *2-3 (S.D. Ind. Feb. 21, 2012) (simply listing increased costs without explaining to what extent these were due to inflation deemed insufficient to justify increased hourly rate).  Though this list is not

exhaustive, essentially the lawyer must show that inflation has had an impact on the costs of providing legal services to social security claimants, not just that the Consumer Price Index ("CPI") alone warrants a general increase.

Mr. Cummings' counsel seeks compensation for 16.35 hours of attorney time at the rate of $180.00 per hour using the CPI U.S. city average[1], for a total of $2,943.00. The Commissioner argues that counsel is not entitled to an hourly rate in excess of the statutory fee cap of $125.00 because he failed to provide any information as to how inflation since 1996 has affected his cost of providing legal services and he has not shown that other lawyers in the Indianapolis area could have competently handled the client's case. It is true that a cost of living increase is not automatically added to the statutory fee. *Mathews-Sheets*, 653 F.3d at 563. However, counsel responded to this argument in his reply, by presenting sufficient evidence to support a finding that his costs of living in litigating social security cases have increased since 1996 and other special factors.

Counsel argues he is an experienced Social Security practitioner in the Indianapolis area, and his practice has focused on disability litigation for many years, including Social Security, Veterans Claims, and worker's disability. Importantly, according to counsel, Mr. Cummings sought out Mr. Hankey specifically because his prior attorney could not take his claim through the district court review process. Then, Mr. Cummings' counsel directs the Court to *Shipley v Astrue*, 2012 WL 1898867 (S.D. Ind., May 23, 2012), wherein the court found

> Counsel has shown that the normal hourly rate he charges and is paid by non-contingency fee clients doubled from 1996 to 2011, from $100 to $200 per hour. The fact that clients actually pay counsel at a $200.00 hourly rate, combined with the other data, convinces the court in this case that counsel has presented

---

[1] Alternatively, the CPI for the Midwest Urban City could be utilized, however in this case the Court accepts the index offered by counsel. *See* Bureau of Labor Statics' Consumer Price Index for all Urban Consumers - All Item - Midwest Urban (http://data.bls.gov/cgi-bin/surveymost).

sufficient evidence to justify a fee higher than $125 because of an increase in the cost of living since 1996.

Counsel then asserts that he serves non-contingency clients at an hourly rate of $350.00. As such, the Court finds that in this case, Mr. Cummings' counsel has provided some special factors which make the hourly rate requested reasonable[2].

Mr. Cummings has assigned the EAJA fees to counsel. The Commissioner has not asserted that Mr. Cummings owes any debt to the Government. Accordingly, payment may be made directly to counsel. *Mathews-Sheets*, 653 F.3d at 565-66.

### III.  CONCLUSION

Mr. Cummings' Petition for Attorney Fees Under the Equal Access to Justice Act (Dkt. #21) is hereby **GRANTED.**  For the reasons set forth above, the Court finds the amount requested $2,943.00, to be reasonable. The fee award must be paid and delivered to Mr. Cummings' counsel consistent with the assignment in the record.

SO ORDERED.

Date:  05/01/2013

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

---

[2] The Seventh Circuit's decision in *Mathews-Sheets* has made it clear that the attorney must show that inflation actually justifies a higher fee for that attorney's practice, therefore counsel should include this specific information in his initial petition which may eliminate the need for the Commissioner to file a response in opposition to the EAJA fee.

4

DISTRIBUTION:

Charles D. Hankey
charleshankey@hankeylawoffice.com

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov, pearlie.wadlington@usdoj.gov, lin.montigney@usdoj.gov